DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:06-cr-00010-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| | ) | |
| KENNETH BROWER, | ) | |
| | ) | |
| Defendant. | ) | |

## I.   Introduction

### A.   *Summary*

This brief introduction sets forth a summary of the terms of the plea

agreement between KENNETH BROWER and the United States. This summary is not intended to supersede the language that follows this subsection.

The defendant agrees to plead guilty to the following charge set forth in the Indictment in this case:

> **Count 1:**   Unlawful transportation of polar bear hide in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B).

The United States agrees to move to dismiss the following charges set forth in the Indictment in this case:

> **Counts 2:**   Unlawful sale of polar bear hide in violation of 16 U.S.C. §§ 1372(a)(4) and 1375(b).

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that a 60 month sentence is the appropriate disposition of the case.

**B.**   *Complete Agreement.*

This document contains the complete plea agreement between the United States and KENNETH BROWER.   No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state or local prosecuting authorities.

### C.    *Federal Rules of Criminal Procedure.*

The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(C). This means that either KENNETH BROWER or the United States may withdraw from this agreement if the court deviates from the sentencing recommendation made by the United States and by defense counsel. The parties' recommendation is binding on the court once the court accepts the plea agreement. The parties recommend a sentence of 60 months of imprisonment.

### D.    *United States Sentencing Guidelines.*

Because this case arises out of conduct occurring after November 1, 1987, KENNETH BROWER's sentence will be considered by application of the United States Sentencing Commission Guidelines (U.S.S.G.).

In the wake of U.S. v. Booker, 543 U.S. 220 (2005), the Court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the sentence to be imposed.

### E.    *Attorney's Fees and Costs.*

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II.    **What the Defendant Agrees to Do**

KENNETH BROWER agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

A.    *Charges*

KENNETH BROWER agrees to plead guilty to Count 1 as set forth in the Indictment. The government agrees to dismiss Count 2 at sentencing.

KENNETH BROWER is currently charged with the following offenses in the Indictment returned by the grand jury in this case:

> **Counts 1:**    Unlawful transportation of polar bear hide in violation of
>
> 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B).

**Count 2:**    Unlawful sale of polar bear hide in violation of 16

U.S.C. §§ 1372(a)(4) and 1375(b).

**B.    *Limits on departures***

Unless specifically set forth in this plea agreement, the defendant agrees he

will not seek any downward departures under the U.S.S.G. or any other authority.

**C.    *Fine.***

The parties have no agreement regarding any fine amount.

**D.    *Waivers of appellate and collateral attack rights***

The defendant understands that by pleading guilty he waives his right to

appeal his conviction.  The defendant also understands and agrees that as

consideration for the government's commitments under this plea agreement, and if

the court accepts this plea agreement and imposes a sentence no greater than that

agreed to herein for the offense of conviction, including any forfeiture under this

plea agreement, he will knowingly and voluntarily waive his right, contained in 18

U.S.C. § 3742, to appeal the sentence  – including any forfeiture or conditions of

supervised release imposed.   Furthermore, the defendant also knowingly and

voluntarily agrees to waive his right to collaterally attack his conviction and/or

sentence – including any forfeiture, whether civil or criminal, administrative or

judicial or conditions of supervised release imposed.  The only exceptions to this

collateral attack waiver are as follows: 1) any challenge to his conviction or

sentence alleging ineffective assistance of counsel -- based on information not

now known to the defendant and which, in the exercise of reasonable diligence,

could not be known by the time the court imposes sentence; and 2) a challenge to

the voluntariness of his guilty plea.  The defendant agrees that if his guilty plea is

rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated,

reversed, set aside, or modified, at any time, in any proceeding, for any reason, the

United States will be free to prosecute the defendant on all charges arising out of

the investigation of this case for which there is probable cause.

**F.**    *Consequences of plea*

The defendant agrees to pay the special assessment owed in this case.

Additionally, the defendant agrees to complete the Financial Statement of Debtor

declaring all income, assets, and expenses, and include a copy of the defendant's

last Federal Income Tax form filed.  Any false statements contained in the

financial statement will subject the defendant to a separate prosecution for making

False Statements to the United States pursuant to 18 U.S.C. § 1001.

### G.    *Waiver of Right to Jury Trial on Sentencing Factors*

The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt.  The defendant explicitly consents to be sentenced pursuant to the applicable Sentencing Guidelines and to have the sentence based on facts to be found by the sentencing judge by a preponderance of the evidence.

### III.    <u>What the Government Agrees to Do</u>

A.    In exchange for KENNETH BROWER's plea of guilty to Count 1 of the Indictment, the United States agrees not to prosecute the defendant further for any offense  −  now known  −  arising out of the subject of the investigation.

Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated.

B.    The United States agrees not to seek any upward sentencing departures under the U.S.S.G. or any other authority.

C.    In exchange for KENNETH BROWER's plea of guilty to Count 1 of the Indictment, the United States agrees to dismiss Count 2 of the Indictment following imposition of sentence.

IV.    **Advisement of Maximum Penalties and Conditions of Sentence**

A.    The maximum statutory penalty for the charge to which KENNETH BROWER is pleading guilty is as follows:

> **Count 1:**    Unlawful transportation of polar bear hide, in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B): (1) five (5) years in prison; (2) a $20,000 fine; (3) three (3) years of supervised release; and (4) a $100 special assessment.

B.    Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

C.    Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

D.    Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

E.    The court may order that the defendant pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

F.    All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

## V.    <u>Guideline Applications and Sentencing Issues</u> (the following estimates bind neither party nor the court)

### *Count 1: Unlawful Transportation of Polar Bear Hide*

Base Offense Level (USSG § 2Q2.1(a)) . . . . . . . . . . . . . . . . . . . . . . . 6

Pecuniary Gain (USSG § 2Q2.1(b)(1)) . . . . . . . . . . . . . . . . . . . . . . . +2

Value in Excess of $2,000 (USSG § 2Q2.1(b)(3)(A)) . . . . . . . . . . . +1

Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2

Estimated Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Estimated Crim. Hist. Category . . . . . . . . . . . . . . . . . . . . . . . . . . . . V

Estimated Sentencing Range . . . . . . . . . . . . . . . . . . . . . . . 12-18 mos.

Agreed Sentence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60 mos.

### *Criminal History Category*

The parties have no agreement on the defendant's criminal history category. The government estimates that it would be Category V. The defendant understands that the court may find the defendant's criminal history to be higher or lower than the United States has estimated.

### *No Upward or Downward Departures*

The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing departures unless specifically set forth in this plea agreement. No such upward or downward sentencing departures are specifically set forth in this plea agreement.

### *Ultimate Sentence Left to Discretion of Court*

The defendant fully understands that the court has total discretion to determine the ultimate sentence but that the defendant and the United States will be permitted to withdraw from this plea agreement if the court declines to accept the plea agreement and the recommendation of the parties.

## VI.    Elements of the Offense

### *Count 1*: *Unlawful Transportation of Polar Bear Hide*

In order to sustain a conviction for unlawful transportation of a polar bear

hide, a violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B), as charged in the

Indictment in this case, the United States would have to prove beyond a reasonable

doubt the following elements:

> First: The defendant knew the wildlife, i.e., the polar bear hide, was
>
> taken possessed, transported, or sold in violation of or in a manner
>
> unlawful under United States law;
>
> Second:  The defendant transported, sold, received, acquired, or
>
> purchased the polar bear hide by knowingly engaging in conduct that
>
> involved its sale or purchase; and
>
> Third: The polar bear hide had a market value in excess of $350.

## VII.    Factual Basis for the Plea

The parties stipulate and agree to the truth of the following factual

statement:

In January of 2005, the defendant, KENNETH BROWER, lawfully shot and

killed a polar bear 27 miles north of his home town of Barrow, Alaska.  Two

months later in March, the defendant reached an agreement with a Special Agent of the United States Fish and Wildlife Service, who was acting in an undercover capacity, to sell the polar bear hide in exchange for $2,500. The defendant explained that legally he could only sell the hide to an Alaskan native. The agent replied that he was not an Alaskan native. The defendant agreed to sell the hide to the agent anyway.

The defendant shipped the hide to the agent through the mail. The agent deposited $1,000 up front into an account designated by the defendant and promised to pay the remaining $1,500 several days later. The defendant then contacted the agent and confirmed that he had received the deposit. At the time of his arrest, the defendant admitted he had sold the polar bear hide to a non-native white man.

## VIII.  Adequacy of the Agreement

Pursuant to Local Criminal Rule 11.2 (D)(8), this plea agreement is appropriate in that it applies the same sentencing guideline provisions that would otherwise be applicable to the defendant's sentence if he had gone to trial and had been convicted on Count 1 of the Indictment. Although the agreed upon sentence is higher than the applicable guideline range for the current charge to which the

defendant is pleading guilty, the defendant is receiving the benefit of not being

further prosecuted for other possible additional charges. The sentence to be

imposed under the terms of this plea agreement will serve to adequately protect the

public and reaffirm societal norms, provide for deterrence to the defendant and

others, and provide an opportunity for the defendant to rehabilitate himself.

IX.    **Defendant's Agreement and Understanding of the Terms of this
       Plea Agreement**

I, KENNETH BROWER, being of sound mind and under no compulsion or

threats, or promises not otherwise contained in this document, knowing that I will

be put under oath at my change of plea hearing to tell the truth, do hereby state my

agreement to and understanding of this plea agreement as follows:

A.    I wish to enter a plea of guilty to Count 1 of the Indictment, which

charges me as follows:

Count 1:    Unlawful transportation of polar bear hide in violation of

16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B).

B.    I understand that by pleading guilty I give up and I agree to waive the

following rights:

--    The right to be indicted by the Grand Jury

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt;

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

    --    The right to contest the validity of any searches conducted on my property or person, or the validity of any seizures involving Forfeiture Assets;

C.    I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court accepts this agreement and imposes a sentence within its terms. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel – based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence--which affected either my guilty plea or the sentence imposed by the court. I am fully satisfied with the representation given me by my attorney, MJ Haden. We have discussed all possible defenses to the charges in the Indictment. My attorney has investigated my case and followed up on any information and issues I have raised with my attorney to my satisfaction and my

attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in this agreement and I understand they are intended to be binding on the court.

D.    I further understand that if I plead guilty, there will not be a trial and that the court will ask me under oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

E.    I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

F.    I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may want to impose if I plead guilty. I understand that the discussions between me and my attorney concerning

my sentence exposure and the government's recommendation herein do bind the court if it accepts this agreement. I understand that the court has the ultimate discretion to determine the sentence to be imposed in my case. As specifically set forth in this agreement, I understand that if the court deviates from the sentencing recommendations made by the United States and my attorney, I can withdraw my guilty plea and from this agreement.

G.    I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

H.    This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

I.    I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I enter into this agreement knowingly and voluntarily.

I therefore wish to enter a plea of guilty to Count 1 of the Indictment, which charges me with unlawful transportation of a polar bear hide in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B) and, pursuant to FRCP 11(c)(1)(C), be sentenced to 60 months of imprisonment.

DATED: 7-13-06

_____
KENNETH BROWER
Defendant

As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant' competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 7/13/06

_____
MJ HADEN
Attorney for KENNETH BROWER

U.S. v. BROWER
4:06-cr-00010-RRB
Plea Agreement                    18

On behalf of the United States, the following accept
KENNETH BROWER's offer to plead guilty under the terms of this plea
agreement.

DATED: _____ 7/31/06 _____            DAVID A. NESBETT
                                      Special Assistant U.S. Attorney
                                      Federal Building & U.S. Courthouse
                                      222 W. 7th Avenue, Room 253, #9
                                      Anchorage, Alaska  99513-7567
                                      Phone: (907) 271-5071
                                      Fax: (907) 271-1500
                                      E-mail: david.nesbett@usdoj.gov
                                      Alaska Bar # 9811075

DATED: _____ 7/31/06 _____            DEBORAH M. SMITH
                                      Acting United States Attorney
                                      Federal Building & U.S. Courthouse
                                      222 W. 7th Avenue, Room 253, #9
                                      Anchorage, Alaska  99513-7567
                                      Phone: (907) 271-5071
                                      Email: deb.smith@usdoj.gov